UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY,<br><br>                       Appellant,<br>     v.<br><br>FRASER'S BOILER SERVICE, INC.,<br><br>                       Appellee. | CASE NO. C18-5489 BHS<br><br>ORDER DENYING APPELLANT'S MOTION FOR LEAVE TO APPEAL |

This matter comes before the Court on Appellant Travelers Indemnity Company's ("Travelers") motion for leave to appeal (Dkt. 2). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Debtor-Appellee Fraser's Boiler Service, Inc. ("Debtor") was a former boiler repair company that operated for decades installing and maintaining equipment throughout the West Coast. In late 2014, Debtor permanently ceased all operations and all of the business assets of the Debtor were sold, leaving behind only policies from

various insurers including Travelers. In early 2015, a receiver was appointed under Washington State law. The Debtor's estate has liabilities far exceeding its *de minimis* cash.

Despite the Debtor's non-operative status and negative net worth, DJO Services, LLC ("DJO"), acquired all of the equity interests in May 2017 from the prior shareholders. DJO, with the cooperation of the Receiver and the Receiver's counsel, offered certain insurers a bankruptcy release not just of all pending and future asbestos plaintiffs, but also of contribution claims from non-settling insurers like Travelers.

On January 11, 2018, the Receiver, DJO, the Debtor and the settling insurers executed the Settlement Agreement and Release ("Settlement Agreement"). The Settlement Agreement provides for the "settling insurance companies" to be released from all future liability for any asbestos claim against Fraser's, in exchange for the settling insurers paying a sum. The Debtor has proposed a Chapter 11 plan creating a trust into which the insurers' payments would be deposited and from which the Receiver and his professionals would be paid significant fees.

DJO proposes using its power as Chapter 11 equity owner to appoint its owner, David Gordon, as the Trust's "Liquidating Trustee" and to personally appoint the professionals. The plan would give the first asbestos plaintiffs who file claims full payment of their claims until trust funds run out, with no reserve for later filing plaintiffs. The plan would have the two lawyers who participated in the negotiation of the Settlement Agreement appointed to a Trust Advisory Committee where they could assure their clients are among the first to have claims allowed.

On April 9, the Debtor filed for Chapter 11 bankruptcy despite no possibility of reorganization and no enterprise value to preserve. In a Chapter 11, the management for the debtor is the "trustee" of the estate and, subject to bankruptcy court approval, may propose professionals. Travelers filed a Motion to Convert the Chapter 11 case to a Chapter 7 case in an effort to involve an impartial Chapter 7 trustee to more equitably manage the estate.

On May 16, 2018, the bankruptcy court held a hearing and denied Travelers' motion to convert. The court made four general observations as follows:

> In reviewing the case law in this area, four things stand out to the Court. First, none of the cases cited by [Travelers] are particularly apposite to this case. They don't really involve asbestos trusts or asbestos debtors.
> Second, even the cases cited by [Travelers] almost always are situations where the cases have lingered for a while with a lack of progress toward confirmation.
> Third, the issues raised by Travelers have to do with whether the proposed plan will achieve a better result in terms of distribution to creditors. They are issues for the motion for approval of the settlement and for confirmation.
> Lastly, the primary issue, from the Court's perspective, is what avenue will produce the greatest distribution to creditors and, more precisely, the workers with claims, and other persons, spouses and the various types of individuals with exposure to asbestos with claims against the debtor primarily for this asbestos exposure, as it appears that the insurance coverage is the only significant asset left for the creditors.

Dkt. 18-1 at 69–70. The court concluded as follows:

> At bottom, [Travelers] has failed to establish cause to convert the case. There is a business here, albeit one whose primary purpose is matching up insurance proceeds with claimants, but an organized liquidation of the business may produce a better result for the bulk of the creditors in terms of maximizing value to the estate.
> Chapter 11 offers the flexibility to produce innovative solutions to difficult problems; in particular, cases with large numbers of claimants, both existing and future. Whether the debtor's plan will work and complies

with the code are confirmation issues. There is a legitimate reorganization purpose here, and the filing is based on economic realities. The motion to convert is denied.

*Id*. at 70–71.

Travelers filed the motion for leave to appeal shortly thereafter.

## II. DISCUSSION

The Court has jurisdiction to hear appeals from interlocutory orders of the bankruptcy court. 28 U.S.C. § 158(a)(3). The standards for granting leave to appeal are "set forth in 28 U.S.C. § 1292(b), which concerns the taking of interlocutory appeals from the district court to the court of appeals." *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995). The Court should consider "whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion and whether an immediate appeal may materially advance the ultimate termination of the litigation." *Id*. However, leave to appeal should "be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983).

In this case, Travelers fails to show that the denial of its motion to convert is an exceptional circumstance that involves a controlling question of law. An order regarding conversion of a case is reviewed for abuse of discretion. *In re Lavesque*, 473 B.R. 331, 335 (B.A.P. 9th Cir. 2012) (citations omitted). Travelers fails to establish that review of the bankruptcy court's exercise of discretion will materially advance the outcome of the

litigation. Instead, Travelers relies on the theory that this Court concluding that the bankruptcy court abused its discretion will alter the distribution of proceeds to the Debtor's creditors. On this note, the bankruptcy court cautioned the parties as follows:

> That last point, which is the crucial one from the Court's perspective, is how we maximize the return to the people who are covered by the insurance, and I hope you keep that in mind in this entire process, because I will be and I will be monitoring the fees and I will be monitoring the process to make sure that the fees don't go just to professionals. I'm dealing with a couple of cases right now where that seems to be happening, and I'm not going to let it happen if there's anything I can do. Okay?

Dkt. 18-1 at 71. Thus, Travelers' main concern of the distribution of assets will be closely monitored by the bankruptcy court, which alleviates any concern that review of the interlocutory order will materially advance the litigation. The litigation will proceed before a court that is mindful of wasting assets regardless of whether it is a Chapter 7 or Chapter 11. As such, the Court finds no need to review the bankruptcy's court finding that Travelers has failed to establish cause to convert the matter.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Travelers' motion for leave to appeal (Dkt. 2) is **DENIED**. The Clerk shall enter **JUDGMENT** and close the case.

Dated this 20th day of August, 2018.

BENJAMIN H. SETTLE
United States District Judge